Case 2:24-cv-00105   Document 108   Filed on 04/14/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00105 |
| AMANDO CHAPA, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 14). The M&R recommends that the Court:

- Dismiss without prejudice all municipal liability claims against Aransas County and all claims against Defendants in their official capacities;

- Retain Plaintiff's Fourteenth Amendment excessive force claims against Deputy Chief Chapa, Corporal Fincher, and Officer Appel in their individual capacities regarding the use of force on June 21, 2023;

- Retain Plaintiff's liberally construed Fourteenth Amendment bystander liability claims against Officer Peacock and Officer Daiapont in their individual capacities regarding the use of force on June 21, 2023;

- Retain Plaintiff's Fourteenth Amendment deliberate indifference claims against Deputy Chief Chapa, Sheriff Mills, and Nurse Pearson in their individual capacities regarding their alleged participation in denying or delaying Plaintiff medical care following the use of force on June 21, 2023;

- Retain Plaintiff's Fourteenth Amendment due process claims against Deputy Chief Chapa and Corporal Fincher in their individual capacities regarding Plaintiff's placement in indefinite solitary confinement following the use of force on June 21, 2023;

- Retain Plaintiff's Fourteenth Amendment due process claim against Sheriff Mills in his individual capacity for transferring Plaintiff to Kleberg County on July 16, 2023;

- Retain Plaintiff's Fourteenth Amendment "class of one" equal protection claim against Deputy Chief Chapa in his individual capacity for denying Plaintiff television privileges while he was in indefinite solitary confinement;

- Dismiss Plaintiff's remaining claims against the remaining Defendants in their individual capacities as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

(D.E. 14, p. 76–77).

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R.[1] *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed. When no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

Having reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 14). Accordingly, the Court:

- **DISMISSES without prejudice** all municipal liability claims against Aransas County and all claims against Defendants in their official capacities;

- **RETAINS** Plaintiff's Fourteenth Amendment excessive force claims against Deputy Chief Chapa, Corporal Fincher, and Officer Appel in their individual capacities regarding the use of force on June 21, 2023;

- **RETAINS** Plaintiff's liberally construed Fourteenth Amendment bystander liability claims against Officer Peacock and Officer Daiapont in their individual capacities regarding the use of force on June 21, 2023;

- **RETAINS** Plaintiff's Fourteenth Amendment deliberate indifference claims against Deputy Chief Chapa, Sheriff Mills, and Nurse Pearson in their individual capacities regarding their alleged participation in denying or delaying Plaintiff medical care following the use of force on June 21, 2023;

- **RETAINS** Plaintiff's Fourteenth Amendment due process claims against Deputy Chief Chapa and Corporal Fincher in their individual capacities regarding Plaintiff's placement

---

[1] Plaintiff moved the Court to extend his deadline to object to the M&R. (D.E. 77). The Court granted this motion and extended Plaintiff's deadline to January 24, 2025. (D.E. 78).

in indefinite solitary confinement following the use of force on June 21, 2023;

- **RETAINS** Plaintiff's Fourteenth Amendment due process claim against Sheriff Mills in his individual capacity for transferring Plaintiff to Kleberg County on July 16, 2023;

- **RETAINS** Plaintiff's Fourteenth Amendment "class of one" equal protection claim against Deputy Chief Chapa in his individual capacity for denying Plaintiff television privileges while he was in indefinite solitary confinement;

- **DISMISSES** Plaintiff's remaining claims against the remaining Defendants in their individual capacities as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 14, 2025