Case 2:24-cv-00105   Document 119   Filed on 11/17/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00105 |
| | § | |
| AMANDO CHAPA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 111). The M&R recommends that the Court grant Defendants' Motion for Summary Judgment Based on Qualified Immunity, (D.E. 109), as to all claims except "Plaintiff's due process claim alleging wrongful placement in indefinite solitary confinement upon Plaintiff's return from Kleberg County, without prejudice to Deputy Chief Chapa's later seeking of qualified immunity upon submission of competent summary judgment evidence," (D.E. 111, p. 49–50). Plaintiff filed a written objection to the M&R. (D.E. 118).

### I. Legal Standard

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). "A district court need not consider '[f]rivolous, conclusive, or general objections.'" *Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 864 (W.D. Tex. 2016) (Martinez, J.) (alteration in

original) (quoting *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). If a party generally objects to the M&R's reliance on evidence, that is not sufficiently particularized for the district court to consider. *See, e.g.*, *Garrett v. Sulser*, No. 6:17cv310, 2020 WL 562804, at *2 (E.D. Tex. Feb. 5, 2020) (Clark, J.) (finding party's objection to the magistrate judge's reliance on "falsified and insufficient documentary evidence submitted by the Defendants" was not sufficiently specific). Further, when a party raises a new argument in his objections that was not first presented to the magistrate judge, it is not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

## II. Analysis

Plaintiff's sole objection to the M&R is as follows: "Plaintiff completely objects to the entire M&R based on fabricated evidence which written reports that are false and make false entry into any record changes the face of this/any case triggering federal law violations of the 14th Amendment and 18 U.S.C. 1819, 242, and civil conspiracy." (D.E. 118, p. 1). Plaintiff's objection to the M&R does not specifically identify the findings and recommendations he wishes to have the Court consider. *See id.* Instead, Plaintiff generally objects to the M&R's reliance on certain evidence. *Id.* Standing alone, this generic and vague objection to the M&R is not a proper objection. *Sulser*, 2020 WL 562804, at *2. The Court **OVERRULES** Plaintiff's objection.

Plaintiff further contends the Court must order Defendants to send Plaintiff their summary judgment evidence. (D.E. 118, p. 1). This issue is raised for the first time in response to the M&R. *Id.*[1] As such, it is not properly before the Court. *Armstrong*, 951 F.2d at 630. Therefore, to the

---

[1] Plaintiff argues his request for Defendants' evidence "has already been brought to this Court's attention in another case[,] making this the third time thus far." (D.E. 118, p. 1). Even if Plaintiff had made a similar request in a different case, he has not raised this request before Judge Neurock in this case until now. Indeed, Plaintiff had over two months from when Defendants filed their motion for summary judgment, (D.E. 109) (filed April 30, 2025), to when Judge Neurock issued the M&R, (D.E. 111) (entered July 10, 2025), to

extent Plaintiff's argument is an objection to the M&R, the Court **OVERRULES** it.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objection is directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objection, (D.E. 118), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 111). Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment Based on Qualified Immunity as to all claims except Plaintiff's due process claim alleging wrongful placement in indefinite solitary confinement upon Plaintiff's return from Kleberg County, without prejudice to Deputy Chief Chapa's later seeking of qualified immunity upon submission of competent summary judgment evidence. (D.E. 109).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
November 17, 2025

---

request Defendants' summary judgment evidence in this matter.
3 / 3